PROVIDENT NAT. BANK OF WACO v. HOWARD et ux. (No. 5849.)

(Court of Civil Appeals of Texas. Austin. Nov. 28, 1917.)

1. APPEAL AND ERROR ☞1050(1)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where defendant elicits certain matters from plaintiff on cross-examination, it is harmless to admit the same evidence by a later witness.

2. BANKS AND BANKING ☞154(7)—ACTION FOR DEPOSITS—ADMISSION OF EVIDENCE.

In an action against a bank for money deposited, where the bank denied such deposit, it was proper for one who paid plaintiff certain money to testify that he started down a street that would take him to the bank.

3. APPEAL AND ERROR ☞1050(3)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action against a bank for money deposited, where the bank denied such deposit, evidence of one who paid plaintiff money that plaintiff started down a street that would take him to the bank, if immaterial, was harmless.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by Gip Howard and wife against the Provident National Bank of Waco. Judgment for plaintiffs, and defendant appeals. Affirmed.

Sleeper, Boynton & Kendall and R. O. Stotter, all of Waco, for appellant. Tom M. Hamilton and J. A. Kibler, both of Waco, for appellees.

KEY, C. J. Appellees, Gip Howard and his wife, brought this suit and recovered a judgment against appellant for the total of two sums of money alleged to have been delivered to and deposited with appellant by Gip Howard in the name of his wife. There was a jury trial, which resulted in a verdict and judgment for appellees, which appellant seeks to have reversed upon two assignments of error, each complaining of the action of the trial court in permitting the plaintiff to introduce certain testimony alleged by appellant to be immaterial and prejudicial.

Appellee Gip Howard testified that he had a checking account in appellant's bank kept in the name of his wife; that on August 3, 1915, he delivered to the teller of the bank $75 as a deposit, and on the following day that he delivered to such teller $54 as a deposit. These sums were never placed to appellees' credit, and therefore they brought this suit.

Appellant's teller testified that neither of the deposits specified by Gip Howard was delivered to him, and that nothing appeared upon the books of the bank to show that such deposits had been made.

[1-3] On cross-examination by appellant's counsel Gip Howard testified that the $75 deposited by him on August 3d was paid to him on that date by a Mr. Collins. Thereafter appellees proved by Mr. Collins that on the 3d day of August, 1915, he paid to Gip Howard $75, and on the following day paid him $54; that after each of the payments was made Mr. Howard started down Franklin street, in the city of Waco, and that that was the proper way to go to appellant's bank.

Appellant objected to all that testimony upon the ground that it was immaterial and prejudicial to appellant, which objections were overruled, and those rulings constitute the predicate of this appeal.

We hold that the rulings referred to do not constitute reversible error. The main fact testified to by Mr. Collins to the effect that he had paid Mr. Howard money on the occasion referred to had already been elicited by appellant from Mr. Howard; and therefore, if it was immaterial, it did no harm to prove it by Mr. Collins, as appellant had already proved it by Mr. Howard. If it be conceded that the balance of the testimony given by Mr. Collins could have but little probative force, still it disclosed circumstances tending slightly to corroborate Howard's testimony to the effect that after Mr. Collins paid him he carried the money to appellant's bank and deposited it therein. Besides, if the testimony was immaterial, it is difficult to see how it could be prejudicial to appellant.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Immaterial evidence is often harmless, and therefore constitutes no ground for reversal; and when testimony falls within the twilight zone between materiality and immateriality, as does the testimony under consideration, and there is nothing in it derogatory to the complaining litigant, or laudatory of his opponent, the case ought not to be reversed on account of the admission of such testimony.

No reversible error has been shown, and judgment is affirmed.

Affirmed.