CRESPI v. CITY OF WACO. (No. 273.)

(Court of Civil Appeals of Texas. Waco.
Nov. 5, 1925. Rehearing Denied
Dec. 3, 1925.)

1. **Evidence ⬅502—Testimony as to benefits to other property admissible to show manner in which witnesses arrived at opinion of value.**

In condemnation proceedings, testimony on cross-examination and redirect, tending to show benefits to remaining property from contemplated improvement, *held* admissible to show how witnesses arrived at their opinion as to value of property.

2. **Eminent domain ⬅262(5)—Charge to not consider benefits to other property held to remove any misleading effects of testimony as to such benefits.**

The admission of testimony in condemnation proceedings as to benefits to other property *held* not misleading, where the court instructed jury in assessing compensation not to consider benefits to remaining property.

3. **Eminent domain ⬅262(5)—Defendant first examining as to benefits to other property cannot complain of plaintiff's similar examination.**

In condemnation proceedings, where defendant first elicited testimony as to benefits to property not taken, he cannot complain of further examination by plaintiff on same question.

4. **Eminent domain ⬅262(5)—Admission of testimony that commissioner had died held not prejudicial as tending to impress jury that commissioner had agreed with witness as to value.**

In condemnation proceedings, admitting testimony of commissioner that one of commissioners who had originally appraised property had died, was not erroneous or prejudicial as tending to impress jury that such commissioner had agreed with witness as to value, particularly where defendant had already shown that commissioners had allowed a larger sum.

5. **Evidence ⬅502—Cross-examination of witness in eminent domain proceedings as to contradictory statements of value held proper.**

In condemnation proceedings, it was not error to prove on cross-examination of defendant's witness that he, in private conversation, had stated his opinion that the property was worth much less than amount to which he testified, and that he did not want to be called as a witness because of his friendship for defendant.

Appeal from McLennan County Court; James R. Jenkins, Judge.

Condemnation proceedings by the City of Waco against Pio Crespi. From the judgment assessing compensation, defendant appeals. Judgment affirmed.

E. C. Street, of Waco, for appellant.

W. L. McConnell and John McGlasson, both of Waco, for appellee.

BARCUS, J. Appellee instituted this suit in the usual form for condemnation of certain real estate situated in Waco belonging to appellant to be used by appellee for alley purposes. Said application was duly filed with the county judge, who entered his order appointing commissioners, who were duly sworn and made their report, as required by law, to which exceptions were duly filed by appellant, and thereafter the cause was tried in the county court to a jury. The jury found that the property was worth $1,000, and judgment was entered accordingly, from which appellant has appealed.

The only issues presented by appellant relate to the admission and the exclusion of certain testimony. The record discloses that there is in existence a 20-foot alley in the business district of Waco, extending from Eighth to Ninth street between Austin and Franklin street a distance of 300 feet; that the city of Waco, appellee, owned 200 feet of the 300; and that appellant owned the remaining 100 feet, said 100 feet being directly in the rear of appellant's property, which faced 100 feet on Austin avenue. In order to obtain the use of said 20x100 feet off of the rear end of appellant's property for alley purposes, the condemnation proceedings were instituted by appellee. It was shown that all the other property on either side of the 20-foot alley was 165 feet deep; appellant's property being 185 feet deep by reason of extending across said alley. Appellant had constructed buildings on his property, which extended back to said 20-foot alley, but did not inclose same. The witnesses Watson, Torrance, and Moncrief, on direct examination, testified that in their opinion the 20x100 feet of property was worth from $600 to $750. On cross-examination appellant, in attempting to show that the witnesses Watson and Torrance were not qualified, went in detail into the value of said strip in connection with the remaining 165 feet, and each of said witnesses testified, in substance, that in his judgment the opening of the alley would enhance the value of the remaining 165 feet, and gave, in response to appellant's questions, a number of reasons why they held that opinion. After appellant had developed said line of testimony, the appellee, in examining said witnesses on said questions so developed, had the witnesses reiterate in part their testimony which they had given in answer to appellant's questions. Appellant complains of the action of the trial court in permitting said testimony to be offered, on the ground that the benefits that may accrue to the remaining property cannot be offset against the value of the land which is being

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

condemned for alley purposes. The same objection was urged to the testimony developed from appellant's witness Burnham on cross-examination by appellee.

The court submitted an issue to the jury to determine what was the fair cash market value of the land in controversy, and in connection therewith, at the request of appellant, instructed the jury that by determining the fair cash market value is not meant "what the strip of land by itself would be worth in the market, but as a part of the piece of land owned by defendant and of which it forms a part, and in arriving at the fair market value of the property in controversy you will not take into consideration the question of any benefit that may be enjoyed by the remaining portion of defendant's property."

[1-3] We are of the opinion the testimony complained of was admissible for the purpose of showing the way in which the witnesses arrived at their opinion as to the value of the property in controversy. All of the witnesses in the case, both for appellant and appellee, testified that the strip of land by itself was of doubtful value, and each of the witnesses testified to the method by which he arrived at the value he fixed on said property. Each of the witnesses in detail testified that the value he had placed on the property was what he thought it was worth without any regard to the effect it might have on the remaining portion of the property. The court having given the charge above quoted, said testimony could not have misled the jury. In addition, appellant, having first gone into said line of testimony, and having first fully developed same before the jury, cannot complain of appellee further examining the witnesses on the same questions. Conroy v. Sharman, 63 Tex. Civ. App. 482, 134 S. W. 244.

[4] Appellant complains of the trial court's permitting the witness Torrance to testify that Mr. Royalty, one of the commissioners who had originally appraised the property, was dead; appellant claiming that the effect of said testimony was that it left the impression on the jury that Mr. Royalty had agreed with said witness that said property was worth only $600 to $750. We do not think the testimony was objectionable for said reason. In addition, appellant had already shown by the witness Watson, who was also a member of the board of commissioners, that the commissioners had allowed appellant the sum of $1,000.

[5] Appellant complains of the action of the trial court in permitting counsel for appellee, in cross-examining the witness Hirshfield, who had testified that the land in his opinion was worth $2,000 to $2,500, to prove that he, Hirshfield, had told the city attorney in a private conversation after the litigation had begun that in his (Hirshfield's) opinion, the property was not worth more than $750, and that he did not want to be called by appellee as a witness because of his friendship for appellant. This testimony was admissible for the purpose of impeaching said witness. Where a witness has made statements contrary to material testimony given by him on the stand, his former statements are always admissible for impeachment purposes. 40 Cyc. 2703; M., K. & T. Ry. Co. v. Sanders, 12 Tex. Civ. App. 5, 33 S. W. 245; St. L. S. W. Ry. Co. v. Patterson (Tex. Civ. App.) 73 S. W. 987.

We have carefully examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.