**PARR v. STATE et al.**

No. 3174.

Court of Civil Appeals of Texas. El Paso.
March 28, 1935.

W. Van Sickle, of Alpine, for plaintiff in error.

Mead & Metcalfe, of Marfa (on appeal only), and A. E. Owens and Alan R. Fraser, both of Alpine, for defendants in error.

PELPHREY, Chief Justice.

This cause originated in a proceeding in which Brewster county sought to condemn lands of plaintiff in error for state highway purposes. In the record there appears a petition addressed to the county judge of Brewster county asking for the appointment of commissioners to assess the value of the land. This petition, it appears, was filed by the county clerk on May 7, 1934. On May 22, 1934, plaintiff in error filed exceptions and objections to an award alleged to have been made by such commissioners. To these objections and exceptions certain exceptions were interposed by defendants in error. While some of these exceptions were designated as special, they were, in effect, general. The trial court, upon hearing on the exceptions, found the law to be with defendants in error and entered judgment that "The State of Texas go hence without day, and that it recover of the said Eugene Parr its costs in this behalf expended. * * *"

Such action of the court has been brought here for review on writ of error.

Opinion.

Plaintiff in error contends that he followed the procedure prescribed in subdivision 6 of article 3266, Revised Statutes, and that the court therefore erred in sustaining the exceptions and rendering judgment against him.

Defendants in error, on the other hand, move to dismiss the appeal because of the incompleteness of the transcript filed, because there was no final judgment, and because the briefs of plaintiff in error fail to comply with the statutory requirements.

While it may be true that the transcript fails to contain all that it should, yet we feel that it is not so deficient as to warrant a dismissal of the appeal. The judgment has the effect of preventing a hearing in the county court on the condemnation matter, and is therefore of sufficient finality to be appealed from.

On the merits plaintiffs in error contend that the judgment should be affirmed because there is no showing that the objections were filed within ten days after the award was filed; that the objections were defective in failing to show the amount of the award made and whether such award was made for adjoining lands; and because in his objections plaintiff in error admitted that he accepted the award as made for the lands taken.

As to the matter of when the objections were filed, we find the record fixes the date of May 22, 1934, but there is nothing in the record as to when the award was made save and except the allegations by plaintiff in error that his original objections were filed within ten days after the award was filed with the county judge. In the exceptions filed by defendants in error there was no question raised as to the failure of plaintiff in error to file such objections in time, neither is there any indication that the trial court based its action upon such fact. In such state of the record and in view of plaintiff in error's pleading, which is not specifically denied, we feel that we are justified in presuming that the filing of the objections was timely.

The objections made to the sufficiency of the pleading are, we think, without merit. As said by the Court of Civil Appeals for the Fifth District in Fitzgerald et al. v. City of Dallas, 34 S.W.(2d) 682 (writ refused), the filing of objections to an award in a condemnation proceeding was not the institution of a suit, but only removed the proceedings to condemn the property from the effect of the decision of the commissioners to a regularly constituted law court, there to have the damages adjudicated.

Defendants in error base their last contention upon the allegations appearing in paragraph 3 of plaintiff in error's objections, which read: "The defendant, hereby, in open court, accepts the award for the lands taken for right of way and says that the only issue herein is the difference in the reasonable market value of the lands not taken and the reasonable market value of the lands not taken after the construction and operation of the said highway."

Upon these allegations defendants in error contend that he is precluded from an appeal

because he has accepted benefits from the award. We do not so understand the pleading. Our construction of it is that he was merely apprising the court that he was not complaining of the part of the award as far as the lands actually taken were concerned, and was not admitting that he had received a portion of the award, which is the fact necessary to preclude his appeal.

■ Being of the opinion that objections to an award should not be measured by the rules applicable to stating a cause of action, and that the trial court was in error in so holding, we have concluded that the judgment should be reversed, and the cause remanded, and it is so ordered. '