**CITY OF TEAGUE**

v.

**STILES et al.**

No. 3099.

Court of Civil Appeals of Texas. Waco.

Oct. 1, 1953.

Rehearing Denied Jan. 14, 1954.

Bowlen Bond, Teague, for appellant.

W. W. Mason, Mexia, H. L. Williford, Fairfield, for appellees.

McDONALD, Chief Justice.

This is a suit brought by the City of Teague, appellant, against appellees to condemn the surface of 99½ acres of land to be used in connection with the city waterworks. Commissioners were appointed, who, after hearing, made an award to appellees. Appellees being dissatisfied with the award, filed objections thereto and the cause came to the County Court for disposition. Trial upon the merits before a jury upon special issues resulted in a verdict for appellees. W. F. Stiles and wife, owners of the surface and the mineral royalty under 32 acres, for $33,397.50, and for Persons and Grimes, owners of the mineral royalty under 77½ acres, for $968.75.

Appellant appeals to this court upon 71 points. Points 1, 2, 3, 4 and 5 are complaints of the trial court's overruling appellant's special exceptions to Appellees' First Amended Objections. The complained of objections are summarized as follows:

(1) That the original effort of the City of Teague prior to the filing of suit in condemnation, was not made in *good faith*, in that they arbitrarily set a price of $100 per acre to be paid *all* landowners regardless of the damages sustained by each.

(2) That the 99½ acres sought to be condemned by the City takes appellees' permanent water supply; and the land involved had been built up by grasses and clover, and would run one cow to four or five acres.

(3) That the Commissioners did not consider losses resulting to the remaining land for ranch purposes because: (a) the overhead would remain the same; (b) loss of fence in operation of remaining property; (c) loss of water supply; and (d) separation of remaining portion into two tracts.

(4 and 5) That the appellees are the owners of the minerals lying under the land taken and that there is a resulting loss and damage to the mineral value because of the enhanced cost of drilling.

As to Point No. 1, it is our view that the appellees would have been permitted to prove the facts pled by testimony on the proposition of the absence of a good faith attempt on the part of the City to settle. This is true because no admission or agreement was entered into in this case under Rule 266, Texas Rules of Civil Procedure. In any event, the court instructed the jury in his charge not to consider offers made to the landowners in arriving at the damages in this case.

As to Points 2, 3, 4 and 5, it is our view that evidence by way of proof of the allegations pled would have been admissible without specific pleadings to cover same. This being true, the pleading of the facts expected to be proved, is not error. It is our view that where one pleads facts expected to be proved as a valid measure of damages in a condemnation suit, it is not

error for the court to overrule special exceptions leveled at the matters pled, even though the matters pled were not required to be pled. There is no special method prescribed for raising of objections in condemnation cases and the objections are not measured by the same standards or rules applicable to pleadings in other causes of action. While it is not necessary that the objections particularize the elements of damage complained of by the party from whom land is sought to be condemned, the fact that the objections filed do particularize the elements of damages suffered, does not make them subject to special exception, provided evidence to support the matters pled is properly admissible on the trial of the case. See: Brazos River Conservation & Reclamation Dist. v. Costello, Tex.Civ.App., 169 S.W.2d 977; 16 T.J. 986; Parr v. State, Tex.Civ.App., 81 S.W. 2d 174; Continental Pipe Line Co. v. Kiel, Tex.Civ.App., 227 S.W.2d 825.

Points 1 through 5 are accordingly overruled.

■ Appellant, in Points 6, 7, 8, 15, 16, 17, 49 and 51, complains of the action of the trial court in admitting testimony involving offers and amounts paid other landowners. They involved the admission of testimony to the effect that the City of Teague gave instructions to its agent to pay every landowner $100 per acre, without reference to the value of the land taken. All of the evidence admitted by the trial court and complained of in the foregoing points *was admitted as bearing on the question of a good faith effort on the part of the City of Teague to settle,* and it is our view that it was admissible as such.

■ The party against whom it is sought to condemn has the right to introduce any evidence bearing on the issue of the failure of the condemning authority to make a good faith effort to settle prior to the institution of suit, and it is our view that the evidence admitted and complained of in the foregoing points comes within the rule announced. See: Brazos River Conservation Dist. v. Costello, Tex.Civ.App., 169

S.W.2d 977; and Brinton v. Houston Lighting & Power Co., Tex.Civ.App., 175 S.W.2d 707.

■ In any event, the appellant cannot be heard to complain inasmuch as the issue of whether or not the City of Teague made a good faith attempt to settle prior to the institution of condemnation proceedings, was resolved against the appellee. Further, the trial court, in its charge, instructed the jury not to consider any settlement made with any other landowners, nor offers during negotiations made to the appellees in this case.

■ In Points 9, 10, 11, 12 and 35 appellant complains of the trial court's exclusion of evidence which appellant contends bears on the market value of the land taken.

Points 9 and 35 pertain to the building of a fence. The question and answer excluded were to the effect whether or not *if* the City of Teague built the fence (the absence of which would depreciate the remaining acreage), then would it be necessary for Mr. Stiles to build one.

There is no evidence in this record to show that the City of Teague *intends* or offered to build a fence. It is our view that the court properly excluded the testimony.

■ Points 10, 11 and 12 relate to exclusion of testimony of J. R. Turner as to (a) whether a tract of land owned by him located some 5 miles from the land sought to be condemned was more fertile than the land sought to be condemned; (b) whether the grass on said tract was as good or better than that on the land sought to be condemned; (c) and the price that Turner paid for the land owned by him near the land sought to be condemned. This testimony was objected to on the ground that the witness had not qualified as an expert. An examination of this record reveals that the witness up to the time the above questions were propounded had never qualified or attempted to qualify as an expert—and in connection with the

question concerning the price paid for the land located 5 miles away; no attempt was ever made to show that the sale was not a forced sale. See State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194 and 979; West v. State, Tex.Civ.App., 150 S.W.2d 363.

It is largely discretionary with a trial judge as to whether a witness is qualified and the appellate court should not disturb the action of the trial court in the absence of clear abuse of discretion. Aetna Ins. Co. v. Collins, Tex.Civ.App., 134 S.W. 2d 709; Alexander Trust Estate v. Lindsey Drug Co., Tex.Civ.App., 214 S.W.2d 475.

Points 9, 10, 11, 12 and 35 are accordingly overruled.

Points 44, 45, 47, 52, 53, 57, 58 and 59 complain of the action of the trial court in admitting evidence from a witness who, appellant contends, failed to show a qualification on the matter testified about. Appellant contends that the witnesses testified as to opinions, speculations and prejudicial testimony, and since they were not expert witnesses their evidence was inadmissible.

■ Points 44, 45 and 47 complain of testimony of W. B. Wilson as to the market value of the royalty under the land; that the value of the royalty under the lake would be depreciated; and that the spacing rule of the Railroad Commission is one well per 40 acres. We believe that the witness had qualified himself as an expert and was competent to give the testimony.

■ Point 50 relates to a question objected to by appellant and which objection the court sustained and instructed the jury not to consider; hence forms no basis for error.

■ Points 52 and 53 relate to opinion testimony elicited from appellees Stiles and wife. We hold the testimony admissible.

Points 57, 58 and 59 are levelled at the testimony of appellant Grimes. The testimony, while opinion evidence, is admissible since Grimes qualified as an expert.

■ Points 13 and 14 are questions directed to the witness Roy Turner concerning the value of the land and the profit to be realized from the remaining land after the taking. It is our view that these questions and answers were admissible since Turner *had previously testified that he knew* the market value of that type of land in that vicinity.

■ Point 18 concerns whether the City of Teague intended to farm out fishing rights on the lake. We hold this question admissible as proper cross-examination on the purpose for which the property is being condemned. If the view be taken (which it cannot be) that the evidence is immaterial and irrelevant, it is our view that any error committed is harmless.

■ Points 19, 21, 25, 26, 27, 30, 32, 33, 41, 42 and 43 are objections to testimony of the witnesses T. E. Purcell, L. C. Keys, Day Whitaker, W. J. Tate, J. B. Daniel. It is our view that these witnesses were sufficiently qualified to express their opinions on the matters about which they were interrogated, viz: the number of oil wells necessary to drain 90 acres of land; the number of tanks necessary to make sufficient water to graze 400 acres of land; the overhead operation of the land remaining; the cost of clearing land, and the enhancement in value by its being cleared; that market value of royalty would be affected if it were under a lake.

All of these witnesses testified that they knew that about which he was being interrogated—knew land values—knew the cattle business—had cleared land—knew the oil business—had drilled wells or bought royalties.

Point 48, (not discussed by appellant) is overruled.

In Points 20, 23, 24, 28, 29, 31, 34, 54 and 55 appellant complains of testimony as to market value of the land sought to be condemned and that remaining after the separation, by witnesses claimed to be not qualified on market value, or basing value on their personal opinion.

It is a well established rule that when a witness gives evidence that he is acquainted with the market value, he is prima facie qualified to testify concerning value as an expert. His testimony is admissible as such, and it then becomes a question of the weight that may be given it by the jury. City of Houston v. Schorr, Tex.Civ.App., 231 S.W.2d 740; City of Trinity v. McPhail, Tex.App.Civ., 131 S. W.2d 803.

It is proper to produce evidence of *any* fact which may reasonably affect the value of the land taken, including mineral damages. Brazos River Conservation Dist. v. Costello, Tex.Civ.App., 169 S.W.2d 977, W/E Ref. W.O.M.

Applying the rules announced to the foregoing points complained of by appellant, it is our view that appellant's objections went to the weight rather than the admissibility of the testimony, and the points discussed are accordingly overruled.

Points of Error 22, 36 and 40 involve questions claimed to be leading and suggestive. It is doubtful that either of these questions are leading and suggestive. However, the matters objected to were testified to by other witnesses without objection on the part of appellant. Further, the questions complained of as being leading are purely mathematical computations. If the testimony could be deemed improper, which it is not, it is our view that appellant has not shown that any harm was done or that the admission of the testimony probably caused the rendition of an improper judgment.

Points 37, 38, 39, 46 and 56 involve questions as to (A) what the spacing rule of the Railroad Commission was; (B) rule of the Railroad Commission on dual completion of a well; (C) and the policy of the Commissioners Court in placing a valuation on grazing land. In each case the witness testified to matters within his own knowledge. If error be involved, which we do not believe to be the case, the same type of testimony was otherwise in evidence, and in our view comes within Rule 434 as constituting harmless error.

All the foregoing points are accordingly overruled.

In Point 60 appellant complains that the trial court erred in granting appellee the right to open and close argument to the jury. It is contended that appellant had the burden of proof on the whole case since no stipulation was entered into under Rule 266 T.R.C.P., and that appellant had the right to open and close the argument to the jury.

In the case at bar the special issues submitted by the court to the jury inquired: 1) as to the market value of the 99½ acres condemned by the City; 2) the market value of the tract before the 99½ acres was condemned; 3) the market value of the remainder after the 99½ acres was condemned; 4) the market value of oil and gas royalty under the 99½ acres before the 99½ acres was condemned; 5) the market value of the oil and gas royalty after the surface of the 99½ acres was condemned.

The burden of proving the damages, and proving all issues submitted by the trial court, was on the appellee. Hence appellee's motion to open and close argument was properly granted.

Rule 269, T.R.C.P. provides, in effect, that the party having the burden of proof of the whole case, *or on all matters which are submitted by the charge * * * shall be entitled to open and conclude the argument.* In this case appellee's right to open and close argument springs not from Rule 266, T.R.C.P. or any agreement or stipulation entered into thereunder, *but* from Rule 269, T.R.C.P., which rules are cumulative of each other, and must be construed together. See: Ready v. City of Marshall, Tex.Civ.App., 234 S.W.2d 104; Stolpher v. Bowen Motor Coaches, Tex.Civ.App., 190 S.W.2d 376, 377, W/E Ref. W.O.M.

Points 61, 62 and 63 are leveled at the argument to the jury of appellee's counsel. Point 61 complains that appellee's

counsel stated that: "Since that time land has tripled in value everywhere in the county or anywhere else." Appellant says the above amounts to the admission of new, unsworn evidence, and in addition is inflammatory. We believe that the argument is amply supported by the evidence. Mr. Stiles testified that he paid $18.50 for the land and many witnesses testified that it was worth from $65 per acre to $225 per acre. Further, it is our view that the argument of inflation of prices is a matter of common knowledge—and for which reason it is proper to argue same. See: Younger Bros. v. Marino, Tex.Civ.App., 198 S.W.2d 109, W/E Ref.; Dallas Ry. & Terminal Co. v. Bishop, Tex.Civ.App., 203 S.W.2d 651, W/E Ref. N.R.E.

█ Points 62 and 63 complain of the appellee's counsel's argument to the jury in which he stated: "Under the evidence you can expect to see oil produced from those wells that are already in," and argument to the effect that the City didn't want to pay for the minerals under the 99½ acres since they were seeking to condemn the surface only.

We believe that both statements complained of are amply supported by the evidence in the case. Mr. Stiles testified that fields frequently come in as gas fields and later produce oil; that some wells produce both oil and gas. Mr. Purcell testified that gas wells had been re-worked and deepened and turned into oil wells. The testimony of Mr. Stiles, as well as the pleadings in the case, reflect that the appellant seeks only to condemn the *surface* of the 99½ acres. The evidence reflects that appellees' use or taking of the minerals is made more difficult and more expensive by the placing of the lake on the surface above them.

Points 61, 62 and 63 are accordingly overruled.

█ Points 64, 65, 66, 67, 68, 70 and 71 are directed at an alleged insufficiency of the evidence to support the answers of the jury to the 5 special issues submitted by the court; that the verdict of the jury was excessive; and that there is insufficient evidence of a probative force to support the judgment. The jury found in effect that: (1) market value of the 99.5 acres taken to be $175 per acre; (2) the value of the remaining land before severance to be $64.20 per acre; (3) the value of the remaining land after the severance to be $46.93, or a damage of $17.25 per acre; (4 and 5) damage to the oil and gas royalty under the 99.5 acres to be $9000.

Without reviewing the 515 pages of evidence in this case, we hold that there is not only ample, but an abundance of evidence to support each jury finding and the judgment, and that under the evidence the verdict is not excessive, in view of the record as a whole.

In Point 69 appellant contends that a reversal is required because of the large accumulation of errors in the case. No reversible error having been found, this point and all other points are overruled and the judgment of the trial court is affirmed.