Jack **HUGHES**, Appellant,

v.

**STATE** of Texas, Appellee.

No. 3295.

Court of Civil Appeals of Texas.

Eastland.

May 10, 1957.

Rehearing Denied June 7, 1957.

748

McMahon, Smart, Walter, Sprain & Wilson, Abilene, for appellant.

Theo Ash, Lee Sutton, County Atty., Abilene, for appellee.

LONG, Justice.

This is a condemnation proceeding brought by the State of Texas to acquire for road purposes approximately 20 acres of land adjacent to U. S. Highway 80 belonging to Jack Hughes. Commissioners were appointed, a hearing was had and an award of $81,766 was duly made and filed. Hughes, not being satisfied with the amount of the award, appealed to the County Court of Taylor County claiming only that the amount of the award was not the fair value of the land taken and asking for no damages to the remaining land. Upon the trial Hughes admitted that all of the prior proceedings in the condemnation were regular and that the State had a right to condemn the land. Based upon a jury finding as to the value of the land taken, the court entered judgment for Hughes in the amount of $59,655. Hughes has appealed.

Appellant contends the court erred in permitting appellee to introduce evidence of enhancement in value of appellant's remaining land. It is the well settled law of this state that where the landowner does not ask for damages for a decrease in value of his remaining land by reason of the taking of the strip in question that evidence as to the enhancement of the value of the land not taken is not admissible. State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 979; Steele v. City of Anson, Tex. Civ.App., 229 S.W.2d 948.

Appellant called as a witness Wade Crawford, an engineer for the Texas State Highway Department. He proved by this witness that the witness had made a map of the land taken and of the surrounding land and the roads that had been constructed and were to be thereafter constructed thereon. Counsel for appellee upon cross-examina-

tion of the witness Crawford elicited the following:

"Q. In other words, the County, or in this case, took 1,234; is that correct? A. That is correct, yes, sir.

"Q. But, he has back over 3,000 feet— A. Yes, sir.

"Q. —of frontage road? A. Yes, sir. That is right.

"Q. Which is, or I will ask you, is it the same kind of road that he had before the taking? A. Yes, sir.

"Q. So, instead of—is it your testimony that, instead of losing 1,200 odd feet, that he is gaining 3,000 odd feet? A. Yes, sir.

"Q. All right. Of the same kind of road? A. Yes, sir."

No objection was made to the introduction of this evidence at the time it was offered; however, appellant later did object to said evidence and filed a motion asking the court to strike it from the record and to instruct the jury not to consider it because it tended to show enhancement of the value of the land not taken.

Appellee offered as a witness J. D. Zuber. Upon re-direct examination of said witness counsel for appellee elicited the following testimony:

"Q. I believe Counsel also asked you questions concerning this plat here, Mr. Zuber, and he asked you, I believe, that—concerning these frontage roads that are shown on this map—I will ask you, was it your testimony in reply to Mr. Walter, that the frontage road some 3000 feet, that Mr. Hughes will have, instead of the mere 1200, will greatly enhance the value of his tract of land—was that your testimony? A. Definitely."

Counsel for appellant objected to said evidence on the ground that it was an improper element to be considered because it showed an enhancement of the remainder of the land. We believe that reversible error is not shown by the introduction of the evidence about which complaint is made because the same or similar evidence was put into the record by the appellant. As has been heretofore stated appellant introduced a map which showed the roads that had already been constructed adjacent to said land and also showed the roads that were to be thereafter constructed. This map disclosed the amount of frontage that appellant was losing by reason of the taking of the twenty acres of land in question and also disclosed the frontage that appellant would gain when the new roads were constructed. Furthermore, counsel for appellant upon the cross-examination of the witness Zuber elicited the following:

"Q. When this land was condemned in October, did you doubt, at that time, that the highway was going through? A. No. We knew at that time it was going through, all right; but we can't —we know that the highway, itself, is going to increase the value of the property a great deal; so we can't say—we can't base our value of the land as if the highway were there.

"Q. You think that the proposed highway there was going to increase the value of the land that it—abutted? A. The new highway that is going through there will increase that property a great deal.

"Q. You think that is true? A. I am sure.

"Q. You think that is true from a speculative point of view? A. Yes.

"Q. That you buy property from? A. That's right.

* * * * * *

"Appellant's Counsel: Q. Let me see if we are talking about the same thing here, Mr. Zuber. I think this shows—this is the U. S. Highway 80. This is east and west here, and this is

the frontage road here, and this is the fast lane highway that goes one way, and this is the fast lane that goes another. Now then, you think that when they come to a definite conclusion that they were going to put this free-way in here, that that increased the value of the adjacent property thereafter.

"The Witness: A. No. If this access road wasn't to go in, it would have increased this other property; but this here access road going straight on through, decreased the value of this. However, the access road now, as it is, going around it, like it is, and giving a better chance to get on and off, and also, taking on other traffic to the south, like I say, the new highway, intersecting that, will increase the value  *  *."

It will thus be seen that there is evidence in the record, placed there by appellant, which tends to show that the building of the new road will enhance the value of the land not taken. It is well settled that a party on appeal may not object to the admission of incompetent evidence which he offered or brought out which related to an issue which he first injected into the case. It is further well settled that he may not complain of improper evidence introduced by the other side where he, himself, has introduced the same evidence or evidence of a similar character. Farmers' Petroleum Co. v. Shelton, Tex.Civ.App., 202 S.W. 194 (Writ Ref.); Provident Nat. Bank of Waco v. Howard, Tex.Civ.App., 199 S.W. 658; Donoho v. Carwile, Tex.Civ.App., 214 S.W. 553 (Writ Ref.); St. Louis Southwestern Ry. Co. of Texas v. Turner, Tex.Civ.App., 225 S.W. 383 (Writ Ref.); McCaskey Cash Register Co. v. Krause, Tex.Civ.App., 31 S.W.2d 858; Crespi v. City of Waco, Tex. Civ.App., 277 S.W. 400; Price v. Humble Oil & Refining Co., Tex.Civ.App., 152 S.W. 2d 804; Krider v. Hempftling, Tex.Civ. App., 137 S.W.2d 83; 3 Tex.Jur. 1032, Sec. 732.

It may be seen from an examination of the record that appellant first introduced a map which clearly showed the amount of frontage that appellant was losing by reason of the taking of the land and also showed the amount of frontage he was gaining by reason of the construction of the new road. It further shows that thereafter appellant proved by the witness Zuber that the building of the new highway would enhance the value of the property not taken. We have given this matter our careful consideration and we cannot hold that reversible error is shown under the well settled law of this state.

Appellant by other points asserts that the judgment should be reversed because of the closing argument of counsel for appellee. The argument is not set out in a bill of exception. The statement of facts consists of three volumes. The first two volumes are certified by the court reporter as containing the evidence in the case. The third volume is certified as containing the argument of counsel for both appellant and appellee. The attorneys for both appellant and appellee signed a certificate that the three volumes compose a full, true and complete transcript of the "evidence". Upon submission we called attention of counsel to the fact that the agreement of the attorneys was probably not broad enough to cover the argument. Appellee raised no question in its original brief about this matter but treated the transcript contained in volume three of the statement of facts as being the argument made in the case. Under these circumstances we have concluded to assume without deciding that the argument is properly before us and to consider the points raised by appellant relative thereto.

Appellant in his brief sets out certain portions of the closing argument of counsel for appellee which he contends constitutes reversible error. By one point appellant complains of the following argument by counsel for appellee:

"Now, let us talk about their map that they have brought you, Ladies and

Gentlemen. There it is. They want to influence you with this map, showing the proposed and new highway that will be built. And who do we have in here; Mr. Jack Hughes, he says, you are robbing me of 1,200 feet there. And he shows you the map, where it is going. By Mr. Wade Crawford, their witness, —and I said, Mr. Crawford, when they take the 1,200 feet, how many do they give him?"

Appellant objected to this argument on the grounds that it was a direct argument relative to enhancement of the remaining tract and was highly prejudicial and inflammatory. Counsel for the appellee made the following argument:

"Ladies and Gentlemen, if I am wrong about what Mr. Wade Crawford here, the highway engineer that they had here, that they had draw this map, testified to, I am sorry and I don't mean to. But, I think you will remember that he said, that he will have 3,000 feet. Now, then, he comes in like a little boy, and he says, I have 12 apples here, and you are taking them away from me, and you are not giving me back but 30 apples. I want you to pay me an exorbitant price for my 1,200 feet; and all that you are doing is just giving me back two and one-half times more, in addition to the big price I am making you pay."

Counsel for appellant renewed his objection to the argument and the court overruled such objection and refused appellant's motion to declare a mistrial. We find no reversible error in this point. As has been heretofore stated appellant had introduced in evidence a map which showed the location of the roads built and to be built on said land and it was discernable therefrom the amount of frontage that appellant was losing by reason of the taking of the 20 acres of land and also the amount he was gaining by reason of the construction of the new road. Counsel for appellee was arguing to the jury the evidence introduced by appellant.

■ Appellant also complained of the following argument made by counsel for appellee:

"Now, then, he also comes in here, this is the valuable part, more valuable. And he gets his agent to come in here and say it is also very valuable on the square footage basis. Why he didn't get them to say on the square inch, I don't know, because there would be 144 square inches in the foot. But they didn't. And he says, well, the front— Now, then, it sounds like somebody that wanted to sell you a car, and they say, well, now, the front end is worth more than the back end. We have got to take it all, don't you see. So, he wants to cut it in two, so that he can make it look like it is higher. Suppose it was a horse that we were condemning, would he say the head part or back part?

"Then, if 1,200 feet is so valuable, what about 3,000 feet. But, he don't want you to know about that. They just holler. You can hear them."

No objection was made to this argument and we do not believe that it is of such a nature that the harm, if any, could not have been removed by an instruction of the court not to consider it.

■ By another point appellant complains because counsel for appellee told the jury that he was representing Taylor County and also asked the jury who is Taylor County, who is the government, "isn't it you and I". We find no error in this point. Counsel for appellant in his opening argument had specifically told the jury that counsel for appellee was representing Taylor County. In asking the jury who is Taylor County, who is the government, "isn't it you and I", he was telling the member of the jury nothing that they didn't already know.

■ Appellant also complains of the following argument:

"* * * Insofar as the question of willing buyers and sellers, I think you may be assured that your County is not a willing buyer. But, it is something that is not to be avoided. But, you are to arrive at a reasonable figure, as of that date, as the Court has told you. Now, then, what did you find there on that date?

"We can't afford to take our money and pay a man for what he hopes in the future, and what he wishes would happen * * *"

No objection was made to this argument. We find no reversible error. The argument is not of such a nature that an instruction would not remove its harmful effects.

■ Appellant also complains of the following argument of counsel for appellee:

"* * * And when you write your figure in there, I think you know who will pay the bill. We want you to be fair. We are not in Russia. No doubt, if we were in Russia, they would go over to Jack Hughes and say, this is our land, now, you don't get nothing. If he·opened his mouth, they would put him in jail. But thank the Lord we are over here where—though he may not appreciate it, and want to rob the people, we want him to be fairly compensated. But, we don't want anybody to perpetrate a legal fraud on this County, by his hired witnesses."

The appellant objected to that portion of the argument which referred to "his hired witness". The court sustained such objection and instructed the jury not to consider such argument. There is evidence that counsel for appellant promised to pay the witness McGaha. Although the witness testified that he would not accept any pay, we believe this formed some basis for the statement by counsel. Under the circumstances we find no reversible error. In

passing upon argument we are required to look to the entire record and to determine therefrom whether such argument was reasonably calculated to and probably did cause the rendition of an improper verdict. Texas Rules of Civil Procedure rules 434 and 503. We have attempted to apply this test to the argument about which complaint is made and we have concluded that reversible error is not shown. We have carefully examined all points of error and find no reversible error in any of them under the record presented. The judgment is affirmed.