**STATE of Texas, Appellant,**

v.

**George E. WILLEY et al., Appellees.**

No. 3915.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Dec. 14, 1961.

Will Wilson, Atty. Gen., Jot Hodges, Jr., Asst. Atty. Gen., for appellant.

Hustmyre & Harris, Orange, for appellees.

McDONALD, Chief Justice.

This is a condemnation case. Parties will be referred to as in the Trial Court. Plaintiff, State of Texas, instituted this suit for the condemnation for highway purposes of .483 of an acre in Orange County, owned by defendants. Trial was to a jury which, in answer to special issues, found: 1) The market value of the .483 acres condemned, at the time it was condemned, was *$1875.*; 2) The market value of the remainder of defendants' land before the taking was *$25,000.*; 3) The market value of the remainder of defendants' land after the taking was *$22,500.* The Trial Court rendered judgment on the verdict, for defendants, for *$4375.*

Plaintiff appeals on 13 points, principally contending: 1) The Trial Court erred in overruling plaintiff's objection to testimony of sales of real property, which would not have sold for as much money, except for the location of the highway. 2) The Trial Court erred in not striking the testimony of the witness Davis because he based his values on an erroneous definition of market value. 3) The Trial Court erred in permitting testimony over plaintiff's objection that the defendants were not willing sellers. 4) The Trial Court erred in its definition of "market value" in its charge to the jury.

We revert to plaintiff's 1st contention that the Trial Court erred in admitting testimony of sales of real property, which would not have been sold for as much money, except for the location of the highway. The original right of way for the highway was acquired by plaintiff in 1951 for construction of a conventional highway. In 1956 the Federal Highway Act became effective under which the Federal government participated in highway construction under certain conditions. Defendants' land involved in this case was additional land, taken in 1958, for the construction of an overpass over the existing (1951) right of way. The witness Davis testified, over objection, as to land sales in the vicinity, for prices which he admitted would not have obtained, except for location of the highway by virtue of the 1951 taking.

It is settled that a condemnor should not have to pay the increased value of property taken, due to the improvement itself. City of Dallas v. Shackelford, 145 Tex. 528, 199 S.W.2d 503; State v. Vaughan, Tex.Civ.App. (n. w. h.) 319 S.W.2d 349.

This, however, is not the present situation. Here we have two takings. The 1st taking was in 1951, and was for construction of a conventional free access highway. The 2nd taking was in 1958, and was for the construction of an overpass over the 1951 highway right of way. The witness complained of, considered increase in value, resulting from the 1951 taking, and not increase in value resulting from the 1958 additional taking (which is here involved). In the situation here involved, the rule is that, an increase in value resulting from a prior and separate taking should be allowed. As stated by this court in (No. 3911 10th Court) State v. Willey, 351 S.W.2d 900, 902: "If a definite area has already been condemned, the market value of the neighboring property is naturally affected thereby. If an enhancement in value results such property is entitled to the benefit thereof. It follows that if the original project is subsequently enlarged so as to embrace additional property, such additional property as is involved in the supplemental taking is entitled to the benefit of any enhancement in value which resulted from the original taking." We overrule the contention.

Plaintiff's 2nd contention is that the testimony of the witness Davis should have been stricken because he based his values upon an erroneous definition of market value. The witness Davis qualified as an expert real estate broker and appraiser. He testified that the value of the land taken was of the fair market value of $2,000., and that the remainder was worth

$25,000. before the taking, and $20,000, after the taking. He further testified that he was familiar with the subject property and adjacent pieces of property. On cross examination counsel for plaintiff asked the witness Davis to give his definition of "market value". Davis replied: "that market value is the price at which a willing buyer will pay for a piece of property to a willing seller under existing circumstances." Plaintiff moved to strike Davis' testimony because he predicated same upon an erroneous definition of "market value." The Trial Court overruled such motion. We perceive no error. The witness was qualified beyond any doubt to testify as to values. The objection made goes to the weight rather than to the admissibility of Davis' testimony. City of Teague v. Stiles, Tex.Civ.App. (n. r. e.) 263 S.W.2d 623. Moreover, it is largely discretionary with the trial judge as to what witness is qualified to testify as to market value, and that discretion will not be disturbed, absent a clear abuse thereof. State v. Evans, Tex. Civ.App. (n. r. e.) 340 S.W.2d 99. The contention is overruled.

▪ Contention 3 is that the Trial Court erred in permitting testimony that the defendants were not willing sellers. On cross examination of plaintiff's witness, Hall, by defendants' counsel, defendants' counsel propounded questions which reflected that defendant was not a willing seller. Plaintiff objected to such line of questioning. The Trial Court sustained such objection. The pliantiff's witness Hall had previously testified on direct examination: "I had considered the fact that if he had been a willing seller", and we think plaintiff invited the error, if any. The matter, if error, was harmless. Rule 434, Texas Rules of Civil Procedure. City of Mart v. Hasse, Tex. Civ.App., W/E dism'd., 281 S.W. 318. Further, inasmuch as common sense tells us that the condemnee in a condemnation suit is not a willing seller, mention of such fact already known to all involved could not possibly produce harm. Contention 3 is overruled.

▪ Plaintiff's 4th contention is that the Trial Court erred in its definition of "market value" in its charge as follows:

"You are instructed that the term 'market value' is the price which the property would bring when it is offered for sale by one who desires, but is not obliged to sell, and is bought by one who is under no necessity of buying it, taking into consideration all of the uses to which it is reasonably adaptable and for which it either is or in all reasonable probability will become available within the reasonable future."

Such definition was approved by our Supreme Court in City of Austin v. Cannizzo, 153 Tex. 324, 267 S.W.2d 808. Plaintiff contends that since there was no evidence of zoning restrictions prohibiting use for the land for commercial purposes, there was no evidence of probable change in this respect in the reasonable future, hence the definition of market value approved by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979 should have been used. (Such definition is the same except it stops with the words "buying it", and deletes the last phrase "taking into consideration * * * etc.").

While the record reflects that the property's best use was for residential purposes, there is evidence that small tracts near the property sold for industrial sites. We think the definition under the facts proper, and in any event certainly not reversible error. See State v. Willey, Tex.Civ.App., 351 S.W.2d 904 (No. 3916 10th Court).

We have carefully considered plaintiff's points and the contentions thereunder made, and overrule same.

The judgment of the Trial Court is affirmed.