**STATE of Texas, Appellant,**

v.

**Alta Knox Brown JACOBS et al., Appellees.**

**No. 4362.**

Court of Civil Appeals of Texas.

Waco.

May 6, 1965.

Rehearing Denied May 27, 1965.

Waggoner Carr, Atty. Gen., David Cox, Asst. Atty. Gen., Austin, for appellant.

David G. Copeland, C. S. Farmer, Waco, for appellees.

McDONALD, Chief Justice.

This is a condemnation case instituted by the State of Texas to condemn for highway purposes, .74 of an acre owned (or leased) by defendants. Trial was to a jury which, in answer to special issues, found: 1) The reasonable cash market value of the land, including improvements condemned by the State on April 3, 1961 was $28,600. 2) The reasonable cash market value of the landlord's land, subject to the leasehold interest of the tenant was $23,600. 3) The reasonable cash market value of the tenant's leasehold interest was $5,000. The Trial Court rendered judgment on the verdict for: defendant Jacobs for $4,600, ($23,600 less $19,000 deposited by the State after award of the commissioners); and for defendant Knizan for $1,400, ($5,000 less $3,600 deposited by the State after award of the commissioners).

Plaintiff appeals, contending:

1) There is no evidence to support the jury's finding of market value in excess of $16,800.

2) There is no evidence, or insufficient evidence, to support the jury's findings to issues 1, 2 and 3.

3) The verdict and judgment are excessive by $11,800, and a remittitur should be required.

The land taken was .74 of an acre located on the west side of U. S. Highway 81, approximately ½ mile south of the "Circle" in Waco, Texas. The tract had 162.3 feet of highway frontage, and extended back for an average depth of 1415 feet. The front 350 feet of the tract were zoned for light industrial or commercial usage. At the front of the property were located a combination drive-in grocery store and lounge, a 5 room dwelling house, an outhouse, and a storage shed. The property was owned by defendant Jacobs; defendant Krizan had leased the store for 5 years on February 15, 1958 for $75 per month, and was also renting the house for $65 per month.

The State of Texas' witness Smith, an expert real estate appraiser, after detailing the method of his valuation, testified that in his opinion the land was worth $8,100, and the improvements $8,700 for a total value of $16,800; he further separated his total $16,800 valuation into $1,800 for defendant Knizan's leasehold interest, and $15,000 for defendant Jacobs' landlord interest. The State's witness Wade, also an expert in real estate appraisal and valuation testified in his opinion the land taken was worth $7,650; he did not testify as to the value of the improvements taken.

Defendant Jacobs testified she was owner of the property taken; that she knew the value of same on the date taken; that the land was worth $250 a front foot, and the value of all the property taken was $40,000. Defendant Knizan, the lessee of the property, testified that he knew the value of the remaining balance of his lease on the property taken, and that it was $10,000.

The State's witness Smith testified, among other things, that generally the closer property was to town the more it was worth; that property increased in value from 1957 to 1962; and that property one-fourth of a mile farther out than subject property sold for $80 per front foot in 1957.

There are in evidence some 19 photographs of the property taken (including 2 aerial photographs) which show in detail the property, the improvements thereon, the location, and some of the surrounding property.

From the evidence we think the jury authorized to answer the issues submitted as they did, and that such answers are not against the great weight and preponderance of the evidence. See State v. Scarborough,

CCA (n. w. h.), 383 S.W.2d 839; State v. Carswell, CCA (n. w. h.), 384 S.W.2d 407.

Plaintiff's points and contentions are overruled.

Affirmed.