**STATE of Texas, Appellant,**

v.

**T. A. NEWTON et ux., Appellees.**

No. 4318.

Court of Civil Appeals of Texas.

Waco.

May 27, 1965.

Rehearing Denied June 17, 1965.

Waggoner Carr, Atty. Gen., Fred Spence, Asst. Atty. Gen., Austin, for appellant.

B. R. Reeves, Palestine, for appellees.

McDONALD, Chief Justice.

This is a condemnation case instituted by the State of Texas to condemn for highway purposes 2.705 acres, together with improvements, owned by defendants. Trial was to a jury which found the reasonable market value of defendants at the time of taking on June 20, 1964 was $14,500. The Trial Court rendered judgment on the verdict for defendants for $1500 ($14,500 less

$13,000 deposited by the State after award of the commissioners).

Plaintiff appeals, contending:

1) The Trial Court erred in permitting the witness Morgan to testify that he was a Special Commissioner in this case, and that in his opinion the market value of the land taken (with improvements) was $13,-000.

2) The Trial Court erred in permitting the witnesses Morgan, Hightower, Way and Thomason to testify as to the value of the property taken because they were not shown to be qualified to express an opinion on the market value of the property on the date of the taking.

3) There is no evidence, or insufficient evidence, to support the jury's verdict of $14,500.

4) The verdict and judgment are excessive by $7,000, and a remittitur should be required.

█ █ We revert to plaintiff's 1st contention that the Trial Court erred in permitting the witness Morgan to testify that he was a Special Commissioner in the case, and that in his opinion the property taken was worth $13,000. Plaintiff contends that this advised the jury indirectly, that the Special Commissioner had made an award of $13,000. One who has served as a Special Commissioner is not disqualified to testify as a witness to land values in the County Court, and knowledge of the jury that a witness had been a Special Commissioner does not alter the situation. Crespi v. City of Waco, CCA 277 S.W. 400; City of Denton v. Chastain, CCA (n.w.h.), 156 S.W.2d 554; City of Houston v. Schoor, CCA W/E Dis., 231 S.W.2d 740; City of Corpus Christi v. Magee, CCA (n.w.h.), 285 S.W.2d 236; Texas Elec. Serv. Co. v. Campbell, CCA (n.w.h.), 328 S.W.2d 208.

The record reflects that the witness made no mention of the award made by the Commissioners.

Plaintiff's 2nd contention complains of the admission of the testimony of the witnesses Morgan, Hightower, Way and Thomason. These witnesses testified that they were not in the real estate business and that they did not consider themselves "an expert" to testify as to the market value of land in the area. Some of the witnesses were in the business of buying lots, building houses, selling them, repairing houses, loaning money on houses, working with loan companies in securing loans for houses in the vicinity, and each of the witnesses testified that he knew the property under consideration and had known it for a long time and knew its reasonable cash market value at the time of the taking.

█ When a witness gives evidence that he is acquainted with the market value, he is qualified to testify concerning such value. The fact he is not a real estate broker, or does not consider himself "an expert", goes only to the weight that may be given his testimony by the jury. City of Teague v. Stiles, CCA (n.r.e.), 263 S.W.2d 623; State v. Willey, CCA (n.w.h.), 351 S.W.2d 907; Texas Sanitation Co. v. Marek, CCA (n.w.h.), 381 S.W.2d 710.

Plaintiff's 3rd and 4th contentions complain there is no evidence, or insufficient evidence, to sustain the jurors' verdict of $14,500; and that the award is excessive by $7,000.

█ The land taken was 2.705 acres in the City of Centerville. The tract fronted on the State Highway and had on it a 7 room house with garage, storeroom, chicken houses, barns and fencing. Defendant testified his property was worth $16,000; the witness Morgan $13,000; the witness Hightower $13,000; the witness Way $17,000; the witness Thomason $14,-000; and the State's witness Waters, a real estate broker and appraiser, testified the property was worth $7,500. From the evidence we think the jury authorized to return the verdict that they did, and that

such is not against the great weight and preponderance of the evidence. See State of Texas v. Scarborough, CCA (n.w.h.), 383 S.W.2d 839; State of Texas v. Carswell, CCA (n.w.h.), 384 S.W.2d 407; State v. Jacobs, CCA, 390 S.W.2d 482 (6 May 1965 as yet unreported).

All of plaintiff's points and contentions are overruled.

Affirmed.