**B. B. ADAMS, Jr., Appellant,**

**v.**

**HOOD COUNTY SAND & GRAVEL COMPANY, Inc., Appellee.**

**No. 16295.**

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 19, 1962.

Rehearing Denied March 2, 1962.

Elmo Irby, Fort Worth, for appellant.

Lattimore & Lattimore and Hal M. Lattimore, Fort Worth, for appellee.

BOYD, Justice.

A. H. Minshew sued J. R. Faulkner for debt. This was Cause No. 9620–C. Later, Minshew and B. B. Adams, Jr., sued Faulkner and Hood County Sand & Gravel Company, Inc., on a note which had been executed by Minshew, Adams, Faulkner, and the corporation, and which had been paid by Minshew and Adams. This was Cause No. 9883–C. Minshew, Adams, and Faulkner owned all the stock of the corporation. In this suit Minshew and Adams caused a writ of sequestration to be issued and served upon property of the corporation which they claimed was covered by a chattel mortgage to secure the note on which they had filed suit. This suit was settled, and as a consequence Faulkner acquired the interest of Minshew and Adams in the corporation.

█ Faulkner filed a cross-action in Cause No. 9620–C, impleading Adams, and asked for judgment for actual damages against Minshew and Adams in the sum of $15,000.00 and for exemplary damages in the sum of $5,000.00 for wrongful issuance and service of the writ of sequestration. The corporation intervened in Cause No. 9620–C, asking for judgment for actual damages in the sum of $8,000.00 and exemplary damages in the sum of $30,000.00 against Minshew and Adams for wrongful issuance and service of the writ of sequestration. The cross-action along with the intervention was severed from Minshew's suit and became Cause No. 9620–C–1.

Minshew died before the trial of No. 9620–C–1, and the cause was dismissed without prejudice as to Minshew, his heirs and legal representatives. It proceeded to trial with Faulkner and the corporation as plaintiffs and Adams as defendant. There was a verdict for the corporation against Adams for $2,250.00 actual damages. Judgment was rendered accordingly and Adams appeals.

In the affidavit for sequestration in No. 9883–C, Minshew and Adams swore that they feared that "defendant" would injure, ill-treat, waste or destroy, or remove the property out of the county during the pendency of the suit.

In the case at bar the jury found that Adams did not have probable grounds for fearing that J. R. Faulkner would injure, ill-treat, waste or destroy, or remove the property out of Hood County during the pendency of Cause No. 9883–C; that Hood County Sand & Gravel Company suffered loss of net profits as a direct and proximate result of the business being closed down by reason of the service of the writ of sequestration; that $2,250.00 would fairly and reasonably compensate the corporation for such loss; that Adams acted with malice in causing the sequestration proceedings to be instituted; but that the corporation was not entitled to any exemplary damages.

Appellant says that no judgment should have been rendered in favor of the gravel company because no issue was submitted as to whether appellant had probable cause for fearing that the company would injure, ill-treat, waste or destroy, or remove the property out of Hood County; and that a finding as to lack of grounds for fearing that Faulkner would do so will not support a judgment for the company. No objection was made to the form of the issue, and the court's attention was not called to the omission of the corporation from the issue. The only objections to that issue were that there was not sufficient evidence of probative value to show that appellant did not have probable grounds "for fearing"; and that the evidence shows that there were probable grounds for appellant to fear the removal or waste of the assets.

The jury found that appellant acted with malice in causing the sequestration proceedings to be instituted, and the charge defined malice to mean ill will, bad or evil motive, or such gross indifference to the rights of others as would amount to a wilful or wanton act. Moreover, there was no objection to the failure to submit an issue as to whether appellant had probable

grounds for fearing that the sand and gravel company would ill-treat, waste, destroy, or remove the mortgaged property from Hood County. It appears that Faulkner was sole owner and practically, if not completely, controlled its operation. It having been found that the company suffered loss of net profits as a result of the closing down of the business by the service of the writ of sequestration, we are of the opinion that it will be presumed that the court found this issue in such manner as will support the judgment. Rule 279, Texas Rules of Civil Procedure.

■■ Appellant insists that his motion for instructed verdict and his motion for judgment non obstante veredicto should have been granted because, he says, there was no evidence of probative force to show that appellee lost any net profits by reason of the operations being shut down by the service of the writ of sequestration. He invokes the rule laid down in Southwest Battery Corporation v. Owen, 131 Tex. 423, 115 S.W.2d 1097, to the effect that where claimed profits are too uncertain or speculative, recovery can not be had. In that case, however, the plaintiff was permitted to recover. We think the true rule applicable to the case at bar is that uncertainty as to whether there was damage may be fatal, but not so where the uncertainty is as to the amount of damage. Southwest Battery Corporation v. Owen, supra. See also Pace Corporation v. Jackson, 155 Tex. 179, 284 S.W.2d 340; Grand Prairie Gravel Co. v. Joe B. Wills Co., Tex.Civ.App., 188 S.W. 680, error refused.

The evidence was ample and largely uncontradicted that appellee lost several sales of sand and gravel by reason of the closing down of the business. Faulkner testified that the closing down deprived the corporation of the sale of sand and gravel to one construction company of 2,200 yards from which a net profit of $1,100.00 would have been realized; it was deprived of another sale from which a profit of $795.00 would have been made; another, where a profit of $1,050.00 would have been made; an-

other, where a loss of $300.00 was sustained, and another, where there was a loss of $250.00; and still another sale of 22,000 yards was lost by the closing down of the plant, with a loss of $11,000.00 in profits. The names of the proposed purchasers were given, along with the amounts which they desired to purchase.

We have considered all of appellant's points and believe that reversible error is not reflected.

The judgment is affirmed.