TEXAS SANITATION CO., Inc., Appellant,

v.

F. J. MAREK, Appellee.

No. 22.

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 20, 1964.

Rehearing Denied Sept. 10, 1964.

Pat Kelly and Richard Cullen, Hunt, Cullen, Mallette, Maddin & Edwards, Victoria, for appellant.

Larkin T. Thedford, Edna, for appellee.

NYE, Justice.

This is a damage suit based on a breach of contract. The suit was brought by F. J. Marek, hereinafter called appellee, against the Texas Sanitation Co., Inc., hereinafter referred to as appellant. Appellee owned a wood frame stucco type home in Edna, Texas. On March 5, 1959, he entered into a contract with the appellant who agreed to exterminate and control subterranean termites in the appellee's home and to make semi-annual inspection of the premises in order to control these termites. Appellee paid the appellant $155.00 for the first extermination and inspection and agreed to pay, and did pay, the sum of $15.00 annually thereafter for the inspection and control of such termites. The appellant, in turn, guaranteed that the property would be free from damage caused by subterranean termites during the period of the contract.

On September 15, 1961, while the contract was in force, the appellee's home sustained slight damage to the roof as a result of a hurricane. During the examination and inspection of this damage, the appellee discovered that his home had apparently been infested with termites.

The case was tried before a jury on special issues. The jury found that the appellee's residence had been damaged by termites during the period covered by the contract. The other issue submitted to the jury was on the question of damages. This issue was as follows:

"Special Issue No. 2. What sum of money, if paid now in cash, do you find

from a preponderance of the evidence would fairly and reasonably compensate Plaintiff for the damage done to his residence, if any, by termites after March 5, 1959, and prior to March 5, 1962?

"Answer by stating in dollars, or nothing, as you may find.

"We, the jury, answer $2,000.00."

The trial judge instructed the jury to take into consideration and consider only the difference in the reasonable market value of the residence in the vicinity immediately prior to the damage done by the termites during the period covered by the contract, and the reasonable market value of said residence immediately after March 4, 1962. The court further instructed the jury as to "market value", and not to consider or allow any recovery for damages, if any, to the improvements of the property existing prior to March 5, 1959, or to any damages occurring after March 4, 1962. Based on the answers of the jury, judgment was entered in favor of Marek, the appellee, for the sum of $2,000.00. Appellant perfects its appeal to this court.

The appellant's first point on appeal complains of the trial court in overruling appellant's exceptions to the appellee's amended petition, thereby allowing appellee to proceed to trial without stating the nature of the cause of action he was proceeding under. Appellant contends that appellee's allegations in his petition as to negligence and damages were not sufficient to give fair notice to the appellant, and that the court should have sustained his special exceptions thereto. Rule 45(b), Texas Rules of Civil Procedure, states: "[p]leadings * * * shall * * * (b) Consist of a statement in plain and concise language of the plaintiff's cause of action * * *."; and again in Rule 47(a), T.R.C.P.: "A pleading which sets forth a claim for relief * * * shall contain (a) a short statement of the cause of action sufficient to give fair notice of the claim involved * * *."

The appellee filed an original and amended petition, setting forth in detail (four and one half pages) the nature of his cause of action. In addition, he adopted by reference a copy of the bond or service contract which was attached to his original petition and made a part of the amended petition. It would serve no useful purpose to recite the entire petition of the appellee, it being sufficient to state that the petition set forth the following: the contract and consideration paid; the date upon which it was entered into; that the appellee had fulfilled all of the terms of the contract; that appellant was liable to appellee on the contract; that his home, which was covered by the contract, had been infested by termites while the contract was in force; that the home had been damaged in certain particulars (describing such damage); that he had suffered damages, setting forth the before and after value of the property; and that, in the alternative, the cost of reasonable repairs to restore his home would be in the sum of $15,000.00. The appellee has alleged a cause of action sufficient upon its face to result in a judgment favorable to him. If there was any error, the overruling of the special exceptions by the trial court is harmless, unless it appears that the error probably caused the rendition of an improper judgment. Panola Motor Co. v. Corbin, 253 S.W.2d 688 (Tex.Civ. App.1952, Wr.Ref.) In this connection, the record does not reflect that the appellant was in any wise surprised by the evidence offered under the pleading or justifiably unprepared to defend against it. See Appellate Procedure in Texas, 17–10(1), and the cases cited therein. We hold that the allegations contained in appellee's petition are sufficient to state the nature of the cause of action that he was proceeding under. Appellant's first point is overruled.

Appellant's second point is multifarious and general. It alleges that:

"The Court erred in allowing the witnesses, Muschalek, Tlucek, Cervenka, and Holloway, to testify as to the reasonable cost of repairs to the house in question over Appellant's timely objection, and in failing to sustain Appellant's timely motion to strike from the record the testimony of Muschalek and Tlucek, it having been shown that they had no reasonable way of knowing the cost of repair to the premises in question, (Germane to Paragraphs 14, 15, 16, 19, 20, 21, 22, 23, 24 and 25 of Appellant's First Amended Motion for New Trial. Tr. 45–48), further, if the case were not to be submitted on cost of repair as measure of damages, the testimony was inadmissable as being immaterial."

The appellant, in Point Two (2), complains of multiple rulings by the trial court; the admission of the testimony of four witnesses; the failure of the trial court to strike the testimony of two witnesses; and an allegation that the testimony (without describing such testimony) was inadmissible as being immaterial. The appellant does not set out the testimony complained of, nor does it specify with reference to the pages of the record where the same may be found. There are two volumes contained in the Statement of Facts. A substantial portion of the Statement of Facts is committed to the testimony of these four witnesses. We are left with the task of searching for the testimony complained of, the objections and reasons given, and the alleged objectionable rulings by the trial court. The appellant does not make any attempt to separate the multiple points in his statement or argument section of his brief. Such point does not comply with Rule 418, T.R.C.P. Alpine Telephone Corporation v. McCall, 195 S.W.2d 585 (Tex. Civ.App., Wr.Ref. n. r. e.); Commercial Travelers Casualty Co. v. Perry, 281 S.W. 2d 130 (Tex.Civ.App.1955); State v. Hays, 361 S.W.2d 401 (Tex.Civ.App.1962, Wr. Ref. n. r. e.); J. Weingarten, Inc. v. Benavides, 323 S.W.2d 166 (Tex.Civ.App.1959); see Rule 418, T.R.C.P., and the cases cited thereunder.

We recognize that the reviewing courts should be liberal in the construction of briefing rules and where an appellant shows that error was committed, especially fundamental error, we should and will consider it. But where the appellant does not, either in his point or in the discussion or argument thereunder, show us where any one of the multiple errors occurred, (especially when other evidence of the same character was admitted without objection) we feel no compulsion to consider appellant's many sided point, germane to ten assignments of error. The rules of technicality are designed to see that justice is done. We feel, however, compelled to discuss such testimony and the applicable law that would sustain the lower court's judgment. Appellee, in his brief, sheds some light upon the points in appellant's brief. The complaint, as we see it, is made concerning the testimony of certain witnesses as to the damages to appellee's home.

The first witness is Victor H. Tlucek who testified on behalf of appellee. He was examined extensively on his qualifications. He stated that he had been in the lumber business about twenty-nine years and that he did construction work on both residential and commercial property, including remodeling work. He testified that he knew the Frank Marek home and residence; that he had been there and examined it recently; that it had extensive termite damage from the flooring through the walls and up to the roof. The witness testified that he would have to rework all the damaged sills; that he would have to go into the inner walls; that in the living room he would have to go all the way down to the top plate, then to the decking, tearing it out and replacing it with new material; that such repairs would cost in the neighborhood of Twelve to Thirteen Thousand Dollars; that it would cost this much because there is more labor involved in tearing out and building back than in just building a house; that that is what the cost would be if it was done right. On cross examination, he testified extensively as to the cost of different types of boards, studding, flooring and stucco. He testified as to the number of square feet involved in the house; that his estimate of the cost of repairs was made in the last few days but would have been the same in September of 1961 because the cost of material and labor had not changed materially since that time. Tlucek further testified as to the termite damage in specific portions of the house, behind the walls, in the ceilings, the rafters and flooring; however, he admitted that "you just don't know how much actual damage because it is all covered with walls." Appellant would strike all of the witness's testimony because appellant says that: "The opinion is sheer speculation with no reasonable foundation whatsoever." We do not agree.

Complaint is made of witness Cervenka because his testimony of the before and after value of the house was based partially on the cost of repairs in arriving at his opinion of the value of the house after the damage had occurred.

Mr. W. J. Cervenka was a real estate and insurance agent holding a Texas Real Estate broker's license. He was primarily engaged in the real estate business selling residential, farm and ranch property. He was acquainted with real estate values in Edna, Jackson County, Texas. He testified he was well acquainted with the residence of Mr. Frank Marek (appellee) at 701 Southwell Street, Edna, Texas; that he had examined the house within the last six months and that the last time he had examined the property was about six or seven weeks before the trial. He testified in detail as to the description of the house, stating the number of rooms, where they were located, the type of construction and the number of square feet contained in the house. The witness further testified that this was not the first time he had seen the property, as he had been there three or four years prior to this time because these people (the Mareks) were tentatively trying to work out a

trade on this property. He then testified that based on his qualifications as a real estate man and his familiarity with the market value of houses in this vicinity that he could state an opinion as to reasonable market value of this particular real estate as of approximately two months ago when he examined it, and that in his opinion the property had a reasonable market value of $20,956.00, without damage. He was asked then if he could state whether he had an opinion as to the fair market value of the property two years ago and he stated that the value would be the same; that "there would be very little difference." Witness Cervenka then testified as to the damages that he saw in the house caused by termites. He was then asked the question: "Presuming and suppose that in this house there was termite damages * * * (then a detailed description of such damage, its extent and location) * * * and there was testimony to the fact that the reasonable cost of repairing this would run between ten thousand to $13,000.00, do you have an opinion as to what the reasonable market value of that house would be based on these additional facts that I have given you?" The witness answered $11,316.00.

Appellant's complaint is that the evidence on damages is " * * * based merely on surmise or speculation and as such inadmissable." Appellant specifically complains: " * * * that Cervenka had no knowledge of the reasonable cost of repairs." Appellant then refers us to page 181 of the Statement of Facts. This reference does not substantiate appellant's version of the testimony complained of on page referred to. It reads as follows: (Cross examination by appellant's attorney).

"Q Actually, Mr. Cervenka, if you did not have a definite figure as to what it would cost to replace or correct the damaged area, then, you would have no way of knowing of your own knowledge the reduction in market value of the premises; is that correct?

"A No, it isn't. We do have working knowledge of what it would would be, because in dealing with the prospective buyers, we soon find out what they would be willing to pay under certain conditions. When we run into this condition here, we know that they are not going to pay the same as they would for a house with no termite damage.

"Q Assuming that it was repaired— Let's not assume that it was repaired, but you do not know the depreciation in value unless you know how much it would cost to repair it?

"A Well, you have to assume the difference the buyer would be willing to pay.

"Q Once it was repaired, of course, the buyer would have no way of knowing, no reason why he should, if it has all been repaired, would be repaired with new materials, would it not?

"A Well, I—I am speaking of my appraisal there as the house is today. Now, if you will repair it, I will be glad to come back and reappraise it. Then, —

"Q Probably be the best way to go about it, Mr. Cervenka, but unfortunately that wasn't done.

"A When the repairing was done, then I will appraise that. Would be foolish for me to appraise something without the work being completed."

The rule as to the recovery of uncertain damages generally has been directed against uncertainty as to cause rather than uncertainty as to the measure or extent of the damages. In the Supreme Court case of Southwest Battery Corporation v. Owen,

131 Tex. 423, 115 S.W.2d 1097 (1938), we quote:

> "The courts draw a distinction between uncertainty merely as to the amount and uncertainty as to the fact of legal damages. Cases may be cited which hold that uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery."

See also Pace Corporation v. Jackson, 155 Tex. 179, 284 S.W.2d 340 (Sup.Ct.1955); Adams v. Hood County Sand & Gravel Co., Inc., 354 S.W.2d 593 (Tex.Civ.App.1962); 25 C.J.S. Damages § 28, p. 493.

There is no question raised by the appellant that the appellee's house had been damaged by termites. In fact, appellee's witnesses admit such damage. This infestation was extensive (from floor to attic) but several witnesses testified that it was difficult to determine the exact amount that was damaged until the damaged portions were opened and actually repaired. There is no question, nor has any been raised on this appeal, as to the appellant's liability under its contract with appellee. Quoting from 17 Tex.Jur. § 14, pp. 92–95:

> "One who is damaged must not be deprived of a remedy merely because of the difficulties lying in the way of proving his damages and the courts will not permit a guilty party to reap an advantage from his wrong by insisting on a degree of proof which, by reason of his wrongful act, is unobtainable * *. In cases in which damages should be awarded but there is difficulty in determining the sum that would constitute a fair and adequate compensation, determination of the amount will be left to the sound judgment and wisdom of the trier of facts."

Apparently, the appellant is complaining of the "opinion" of these witnesses as to the extent of the damage. In many cases opinion evidence is the only available evidence as to value and damage. In this case it would be most difficult to see how the damages could be proved otherwise without the opinions of the witnesses offered. It has been said that anyone familiar with values may testify, leaving the sufficiency of the knowledge to the discretion of the trial judge. See McCormick & Ray, Vol. 2, § 1422, p. 256.

In many cases, although substantial damages are established, their amount is, insofar as susceptible of pecuniary measurement, either entirely uncertain or extremely difficult of ascertainment. In such cases, plaintiff is not denied all right of recovery. The amount of damages is fixed by the court or by the jury in the exercise of sound discretion under proper instructions from the court. In the case of contracts a party who has broken his contract will not ordinarily be permitted to escape liability because of the uncertainty in the amount of damage resulting. 25 C.J.S. Damages § 28, p. 495.

In the case of Edens-Birch Lumber Co. v. Wood, 139 S.W.2d 881 (Tex.Civ.App. 1940):

> "The rule forbidding the recovery of damages which are uncertain or contingent does not apply where the amount, measure or extent of loss or injury is uncertain; it 'only applies to such damages as are not the certain result of the breach, and not to such as are the certain result, but uncertain in amount'." At page 888: "Nor, in a case where the damages are incapable of exact ascertainment, is it necessary to place a money estimate on the amount of loss or injury; the jury are allowed to use their own judgment and discretion. Consequently, where it is shown that the defendant's act has occasioned damage to the plaintiff, and the only uncertainty is as to the amount, there can rarely be good reason for refusing, on account of uncertainty, any recovery whatever for the breach."

Adams v. Hood County Sand & Gravel Company, supra; O'Donell v. Preston, 301 S.W.2d 288 (Tex.Civ.App.1957, Wr.Ref. n.r.e.).

■■ The trial court correctly permitted the witnesses to testify after a showing of their qualifications. The appellate court should not disturb the action of the trial court in admitting such testimony in absence of a clear abuse of discretion. Rayburn v. Giles, 182 S.W.2d 9 (Tex.Civ.App. 1944); Breithaupt v. State, 321 S.W.2d 361 (Tex.Civ.App.1959). The witness, having been qualified, was properly permitted to testify as to market value. The alleged weakness of the supporting facts or reasons given as the basis for his answer to the market value after the property had been damaged, goes to the weight of the witness's testimony, not to its admissibility. The court did not abuse its discretion in admitting the challenged testimony. State v. Sides, 348 S.W.2d 446 (Tex.Civ.App.1961).

In the case of State v. Willey, 351 S.W.2d 907 (Tex.Civ.App.1961), the witness testified as to the wrong definition of market value and the plaintiff moved to strike the witness's testimony because it was predicated upon an erroneous definition of market value. The trial court overruled the motion. The Court of Civil Appeals stated:

"We perceive no error. The witness was qualified beyond any doubt to testify as to values. The objection made goes to the weight rather than to the admissibility of (the witness's) testimony. City of Teague v. Stiles, Tex.Civ.App. (n.r.e.) 263 S.W.2d 623. Moreover, it is largely discretionary with the trial judge as to what witness is qualified to testify as to market value, and that discretion will not be disturbed, absent a clear abuse thereof. State v. Evans, Tex.Civ.App. (n.r.e.) 340 S.W.2d 99."

We are unable to agree that the trial court erred by permitting the witness to testify.

Appellant's third point on appeal complains that the trial court erred:

"* * * in overruling Appellant's Motion for Instructed Verdict in its submission of Special Issue No. Two, over Appellant's timely objection, and in sustaining the verdict of the jury to Special Issue No. Two because there was no evidence to support such submission and the evidence does not support the finding of the jury in their verdict. (Germane to Paragraphs No. 5, 6, 8, 9, 10, 11, 17 and 18 of Appellant's First Amended Motion for New Trial. Tr. 42–44, 46)."

The first part of appellant's third point complains of no evidence to support the submission of the special issue.

■ All issues on controverted facts raised by the pleadings, which are material elements in the grounds of recovery, must be submitted to the jury for determination, if there is some evidence raising them. Rule 272, T.R.C.P. In the last part of this point the appellant contends that there was "no evidence" to sustain the finding of the jury in reference to the amount of damages (Special Issue No. 2). The question as to "no evidence" is a question of law and is to be tested by considering only that evidence most favorable to the verdict and by disregarding that which is opposed to it or contradictory in its nature. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1951); Moore v. Horn, 359 S.W.2d 947 (Tex.Civ.App.1962, Wr. Ref. n. r. e.)

It was virtually undisputed and admitted by appellant that damages were incurred, although the extent and the amount of damages were in issue. We have set forth in this opinion sufficient facts to support the verdict of the jury on the issue of damages. It would only lengthen this opinion by recitation of other evidence of the damages sustained by the appellee.

■ After a careful consideration of the record, we have concluded that the finding

of the jury in answer to the damage issue was supported by the evidence and the trial court properly submitted the issue on damages. Appellant's third point is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.