

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-121-CV

DANIEL BINION                                                          APPELLANT

V.

BRANDON BRINKLEY,                                                     APPELLEES
NATHANAEL FRIEND, AND
AMERICAN MEDICAL
RESPONSE OF TEXAS, INC.

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Daniel Binion appeals the judgment awarding him damages for injuries that he sustained as a passenger in a car accident involving Appellees Brandon Brinkley; Nathanael Friend; American Medical Response of Texas, Inc.;

---

[1] *See* Tex. R. App. P. 47.4.

and involving Eric Clifford Wallace, who is not a party to this appeal. In two issues, Binion argues that (1) the trial court abused its discretion by denying his motion to exclude expert testimony from Officer Emily Summers concerning the speed of the vehicle in which he was riding, and (2) that the trial court's abuse of discretion in admitting Officer Summers's testimony constitutes harmful error. Because we hold that any error in admitting Officer Summers's testimony about the speed of the vehicles were traveling prior to the accident was not harmful, we will affirm.

## II. FACTUAL BACKGROUND

The facts of the car accident are not in dispute. Binion was a passenger in a modified Dodge Neon SRT driven by Brinkley. When Wallace, who was driving a white Mustang, pulled up near the Neon at a light on South Cooper Street, Binion yelled, "Mustangs suck," to Wallace. Brinkley and Wallace thereafter began racing; the speed limit was forty-five miles per hour. Brinkley ultimately hit an American Medical Response of Texas ambulance. Binion sustained injuries as a result of the accident.

At trial, Brinkley testified that he had told the police at the scene that he thought he was traveling about sixty miles per hour.[2] Officer Cameron Huggins,

_____

[2] ... Brinkley later pleaded guilty to the offense of felony racing.

2

who was on patrol and saw the vehicles racing on the night in question, estimated that they were initially traveling at fifty-five to sixty miles an hour and were accelerating from that speed. Officer Huggins opined that the speed at the point of impact was a lot higher than sixty miles per hour based on the level of damage to the Neon. Timothy Lovett, Binion's expert, agreed that Brinkley's Neon was going close to eighty miles an hour at the time of impact. Officer Becky Brandenburg, an accident investigator, opined that traveling at a speed of eighty miles per hour down a public street was excessive. Officer Emily Summers, an accident investigator, testified that she calculated Brinkley's speed at 102 miles per hour at the time of impact. Eric Moody, Ph.D., the defense's accident reconstruction expert, testified that Brinkley was traveling 102 miles an hour to 108 miles an hour, plus or minus five miles an hour, at the time of impact. Moody also made a finding in his report that "eyewitnesses Anderson, Watson, Griffin, and Huggins corroborate my finding that Mr. Brinkley and Mr. Wallace were racing at a high rate of speed."

The case was submitted to the jury, and it found Brinkley 47% liable, Wallace 47% liable,[3] and Binion 6% liable. Because the jury found in response to question number one that Friend, the ambulance driver, was not negligent,

---

[3] ... Binion entered into a settlement agreement with Wallace prior to trial.

3

the jury did not apportion any fault to Friend.[4]  The jury awarded damages to Binion in the following amounts:  $50,000 for past physical pain and mental anguish; $100,000 for future physical pain and mental anguish; $166,271.60 for future loss of earning capacity; $10,000 for past disfigurement; $30,000 for past physical impairment; $100,000 for future physical impairment; $321,551.93 for past medical care expenses; and $55,221.67 for future medical care expenses.  In light of Binion's settlement with Wallace, the trial court signed a judgment that Binion should recover from Brinkley $370,477.15, for damages, prejudgment interest, and taxable court costs.  This appeal followed.

### III.  ADMITTING EXPERT TESTIMONY ON SPEED WAS HARMLESS

In his two issues, Binion argues that the trial court erred by admitting Officer Summers's testimony about the Neon's speed at the time of the accident and that the trial court's error was harmful because, without Officer Summers's testimony, "the jury would have had a different view of the apportioned responsibility of each Defendant and would have been more receptive of the Appellant's theories."  For purposes of this opinion, we will assume that the trial court erred by admitting Officer Summers's testimony

---

[4] Binion does not challenge on appeal the jury's failure to find Friend negligent in question number one.

4

concerning the speed of the Neon at the time of the accident, but as discussed below, the record does not support Binion's contention that any such error was harmful.

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show that the error occurred and that it probably caused rendition of an improper judgment or probably prevented the appellant from properly presenting the case to this court. Tex. R. App. P. 44.1(a); *Romero v. KPH Consolidation, Inc.*, 166 S.W.3d 212, 225 (Tex. 2005). We will not reverse a trial court's judgment because of an erroneous evidentiary ruling unless the ruling probably, though not necessarily, caused the rendition of an improper judgment. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 871 (Tex. 2008). The complaining party must usually show that the whole case turned on the evidence at issue. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995). Error in admitting evidence is generally harmless if the objecting party later permits the same or similar evidence to be introduced without objection. *Bay Area Healthcare Group Ltd. v. McShane*, 239 S.W.3d 231, 235 (Tex. 2007); *Richardson v. Green*, 677 S.W.2d 497, 501 (Tex. 1984).

The statutory provision governing proportionate responsibility provides that the trier of fact shall determine the percentage of responsibility, stated in whole numbers, with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a) (Vernon 2008). The determination of the negligent parties' proportionate responsibility is a matter soundly within the jury's discretion; it is not the place of this court to substitute its judgment for that of the jury. *See Hagins v. E-Z Mart Stores, Inc.*, 128 S.W.3d 383, 392 (Tex. App.—Texarkana 2004, no pet.) (citing *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 659–60 (Tex. App.—Dallas 2002, pet. denied) (explaining that section 33.033 of the Texas Civil Practice and Remedies Code affords juries "wide latitude in . . . allocating responsibility for an accident")).

As set forth above, Officer Summers's testimony was not the only testimony admitted concerning the speed of the Neon at the time of the accident. The jury heard unobjected-to testimony about the speed of the racing vehicles from other officers, lay witnesses, and each side's experts. Brinkley himself told officers that he was traveling approximately sixty miles per hour at the time of the accident. Throughout the trial, there was no evidence that Brinkley was driving within the speed limit as he raced down South Cooper.

6

Based on this evidence, the jury found the drivers of both of the racing vehicles equally responsible, assessing each of their percentages of fault at 47%. The jury found Binion 6% at fault.

Our review of the entire record does not support the contention that the admission of Officer Summers's opinion on the speed of the Neon probably caused rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a). The proportionate responsibility statute requires the jury to determine the percentage of responsibility with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.003(a). Ample evidence exists in the record—even not considering Officer Summers's testimony—from which the jury could have concluded that Brinkley was speeding and was equally responsible along with Wallace for causing the harm for which Binion sought recovery of damages. Nothing in the record supports any contention that the exclusion of Officer Summers's testimony would have altered the jury's finding that Binion was 6% responsible for causing the harm for which he sought damages. We cannot say—based on the undisputed evidence that Brinkley and Wallace were speeding and that Binion played some role in instigating the race—that if Officer Summers's opinion on the speed of the

7

Neon had been excluded, the jury would have apportioned liability differently.[5] Instead, the jury likely would have reached the same apportionment of liability based on the undisputed evidence that, regardless of the degree of speeding by the racing cars, both were speeding and based on the evidence that Binion played some role in instigating the race.

Additionally, because Officer Summers's testimony was merely cumulative and corroborative of other evidence concerning the speed of the Neon, it was not, in any event, harmful. *See Adams v. Morris*, 584 S.W.2d 712, 718 (Tex. Civ. App.—Tyler 1979, no writ) (holding that even if officer's testimony on speed was inadmissible, it was merely cumulative and corroborative of other evidence and was therefore harmless error); *Adams v. Smith*, 479 S.W.2d 390, 395 (Tex. Civ. App.—Amarillo 1972, no writ) (same). Therefore, even assuming error as Binon urges in his first issue, we find any such error harmless and overrule his second issue.

---

[5] We note that there was no gross negligence submission within the jury charge.

IV.  CONCLUSION

Having held that any error by the trial court in admitting Officer Summers's opinion on the speed of the Neon at the time of the accident was harmless, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

DELIVERED: February 4, 2010