COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-121-CV

 

 

DANIEL BINION                                                                   APPELLANT

 

                                                   V.

 

BRANDON BRINKLEY,                                                          APPELLEES

NATHANAEL FRIEND, AND

AMERICAN MEDICAL 

RESPONSE OF TEXAS, INC.                                                                  

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction








Appellant
Daniel Binion appeals the judgment awarding him damages for injuries that he
sustained as a passenger in a car accident involving Appellees Brandon
Brinkley; Nathanael Friend; American Medical Response of Texas, Inc.; and
involving Eric Clifford Wallace, who is not a party to this appeal.  In two issues, Binion argues that (1) the
trial court abused its discretion by denying his motion to exclude expert
testimony from Officer Emily Summers concerning the speed of the vehicle in
which he was riding, and (2) that the trial court=s abuse
of discretion in admitting Officer Summers=s
testimony constitutes harmful error. 
Because we hold that any error in admitting Officer Summers=s
testimony about the speed of the vehicles were traveling prior to the accident
was not harmful, we will affirm.

II.  Factual Background

The
facts of the car accident are not in dispute. 
Binion was a passenger in a modified Dodge Neon SRT driven by
Brinkley.  When Wallace, who was driving
a white Mustang, pulled up near the Neon at a light on South Cooper Street,
Binion yelled, AMustangs suck,@ to
Wallace.  Brinkley and Wallace thereafter
began racing; the speed limit was forty-five miles per hour.  Brinkley ultimately hit an American Medical
Response of Texas ambulance.  Binion
sustained injuries as a result of the accident. 








At
trial, Brinkley testified that he had told the police at the scene that he
thought he was traveling about sixty miles per hour.[2]  Officer Cameron Huggins, who was on patrol
and saw the vehicles racing on the night in question, estimated that they were
initially traveling at fifty-five to sixty miles an hour and were accelerating
from that speed.  Officer Huggins opined
that the speed at the point of impact was a lot higher than sixty miles per
hour based on the level of damage to the Neon. 
Timothy Lovett, Binion=s
expert, agreed that Brinkley=s Neon
was going close to eighty miles an hour at the time of impact.  Officer Becky Brandenburg, an accident
investigator, opined that traveling at a speed of eighty miles per hour down a
public street was excessive.  Officer
Emily Summers, an accident investigator, testified that she calculated Brinkley=s speed
at 102 miles per hour at the time of impact. 
Eric Moody, Ph.D., the defense=s
accident reconstruction expert, testified that Brinkley was traveling 102 miles
an hour to 108 miles an hour, plus or minus five miles an hour, at the time of
impact.  Moody also made a finding in his
report that Aeyewitnesses Anderson, Watson,
Griffin, and Huggins corroborate my finding that Mr. Brinkley and Mr. Wallace
were racing at a high rate of speed.@ 








The case
was submitted to the jury, and it found Brinkley 47% liable, Wallace 47%
liable,[3]
and Binion 6% liable.  Because the jury
found in response to question number one that Friend, the ambulance driver, was
not negligent, the jury did not apportion any fault to Friend.[4]  The jury awarded damages to Binion in the
following amounts:  $50,000 for past
physical pain and mental anguish; $100,000 for future physical pain and mental
anguish; $166,271.60 for future loss of earning capacity; $10,000 for past
disfigurement; $30,000 for past physical impairment; $100,000 for future
physical impairment; $321,551.93 for past medical care expenses; and $55,221.67
for future medical care expenses.  In
light of Binion=s settlement with Wallace, the
trial court signed a judgment that Binion should recover from Brinkley
$370,477.15, for damages, prejudgment interest, and taxable court costs.  This appeal followed.

III.  Admitting Expert Testimony on Speed Was Harmless








In his
two issues, Binion argues that the trial court erred by admitting Officer
Summers=s
testimony about the Neon=s speed at the time of the
accident and that the trial court=s error
was harmful because, without Officer Summers=s
testimony, Athe jury would have had a
different view of the apportioned responsibility of each Defendant and would
have been more receptive of the Appellant=s
theories.@ 
For purposes of this opinion, we will assume that the trial court erred
by admitting Officer Summers=s
testimony concerning the speed of the Neon at the time of the accident, but as
discussed below, the record does not support Binion=s
contention that any such error was harmful.

To
obtain reversal of a judgment based upon an error in the trial court, the
appellant must show that the error occurred and that it probably caused
rendition of an improper judgment or probably prevented the appellant from
properly presenting the case to this court. 
Tex. R. App. P. 44.1(a); Romero v. KPH Consolidation, Inc.,
166 S.W.3d 212, 225 (Tex. 2005).  We will
not reverse a trial court=s judgment because of an
erroneous evidentiary ruling unless the ruling probably, though not
necessarily, caused the rendition of an improper judgment.  Reliance Steel & Aluminum Co. v. Sevcik,
267 S.W.3d 867, 871 (Tex. 2008).  The
complaining party must usually show that the whole case turned on the evidence
at issue.  Interstate Northborough P=ship v.
State, 66 S.W.3d 213, 220 (Tex. 2001); City of Brownsville v. Alvarado,
897 S.W.2d 750, 753B54 (Tex. 1995). Error in
admitting evidence is generally harmless if the objecting party later permits
the same or similar evidence to be introduced without objection.  Bay Area Healthcare Group Ltd. v. McShane,
239 S.W.3d 231, 235 (Tex. 2007); Richardson v. Green, 677 S.W.2d
497, 501 (Tex. 1984).








The
statutory provision governing proportionate responsibility provides that the
trier of fact shall determine the percentage of responsibility, stated in whole
numbers, with respect to each person=s
causing or contributing to cause in any way the harm for which recovery of
damages is sought, whether by negligent act or omission.  See Tex. Civ. Prac. & Rem. Code
Ann. '
33.003(a) (Vernon 2008).  The
determination of the negligent parties=
proportionate responsibility is a matter soundly within the jury=s
discretion; it is not the place of this court to substitute its judgment for
that of the jury.  See Hagins v. E‑Z
Mart Stores, Inc., 128 S.W.3d 383, 392 (Tex. App.CTexarkana
2004, no pet.) (citing Rosell v. Cent. W. Motor Stages, Inc., 89 S.W.3d
643, 659B60 (Tex.
App.CDallas
2002, pet. denied) (explaining that section 33.033 of the Texas Civil Practice
and Remedies Code affords juries Awide
latitude in . . . allocating responsibility for an accident@)).  








As set
forth above, Officer Summers=s
testimony was not the only testimony admitted concerning the speed of the Neon
at the time of the accident.  The jury
heard unobjected-to testimony about the speed of the racing vehicles from other
officers, lay witnesses, and each side=s
experts.  Brinkley himself told officers
that he was traveling approximately sixty miles per hour at the time of the
accident.  Throughout the trial, there
was no evidence that Brinkley was driving within the speed limit as he raced
down South Cooper.  Based on this evidence,
the jury found the drivers of both of the racing vehicles equally responsible,
assessing each of their percentages of fault at 47%.  The jury found Binion 6% at fault.  








Our
review of the entire record does not support the contention that the admission
of Officer Summers=s opinion on the speed of the
Neon probably caused rendition of an improper judgment.  See Tex. R. App. P. 44.1(a).  The proportionate responsibility statute
requires the jury to determine the percentage of responsibility with respect to
each person=s causing or contributing to
cause in any way the harm for which recovery of damages is sought.  See Tex. Civ. Prac. & Rem. Code
Ann. '
33.003(a).  Ample evidence exists in the
recordCeven not
considering Officer Summers=s
testimonyCfrom which the jury could have
concluded that Brinkley was speeding and was equally responsible along with
Wallace for causing the harm for which Binion sought recovery of damages.  Nothing in the record supports any contention
that the exclusion of Officer Summers=s
testimony would have altered the jury=s
finding that Binion was 6% responsible for causing the harm for which he sought
damages.  We cannot sayCbased on
the undisputed evidence that Brinkley and Wallace were speeding and that Binion
played some role in instigating the raceCthat if
Officer Summers=s opinion on the speed of the
Neon had been excluded, the jury would have apportioned liability differently.[5]  Instead, the jury likely would have reached
the same apportionment of liability based on the undisputed evidence that,
regardless of the degree of speeding by the racing cars, both were speeding and
based on the evidence that Binion played some role in instigating the race.

Additionally,
because Officer Summers=s testimony was merely
cumulative and corroborative of other evidence concerning the speed of the
Neon, it was not, in any event, harmful. 
See Adams v. Morris, 584 S.W.2d 712, 718 (Tex. Civ. App.CTyler
1979, no writ) (holding that even if officer=s
testimony on speed was inadmissible, it was merely cumulative and corroborative
of other evidence and was therefore harmless error); Adams v. Smith, 479
S.W.2d 390, 395 (Tex. Civ. App.CAmarillo
1972, no writ) (same).  Therefore, even
assuming error as Binon urges in his first issue, we find any such error
harmless and overrule his second issue.

 

 

 

 








IV.  Conclusion

Having
held that any error by the trial court in admitting Officer Summers=s
opinion on the speed of the Neon at the time of the accident was harmless, we
affirm the trial court=s judgment.

 

SUE WALKER

JUSTICE

 

PANEL: LIVINGSTON, GARDNER, and WALKER, JJ.

 

DELIVERED: February 4, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Brinkley later pleaded
guilty to the offense of felony racing.





[3]Binion entered into a
settlement agreement with Wallace prior to trial.





[4]Binion does not challenge
on appeal the jury=s failure to find Friend
negligent in question number one.





[5]We note that there was no
gross negligence submission within the jury charge.